

# Fourth Court of Appeals
## San Antonio, Texas

June 24, 2021

No. 04-21-00242-CV

**ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.** and William L. Magness,
Appellants

v.

**CPS ENERGY**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-04574
Honorable Solomon Casseb, III, Judge Presiding

No. 04-21-00244-CV

**IN RE ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.** and William L. Magness

Original Mandamus Proceeding[1]

**ORDER**

On June 15, 2021, Electric Reliability Council of Texas, Inc. and William L. "Bill" Magness (collectively, "ERCOT") filed an interlocutory appeal, and it was assigned Cause Number 04-21-00242-CV. That same day, ERCOT filed a petition for writ of mandamus, and it was assigned Cause Number 04-21-00244-CV. Both cases challenge the trial court's order denying ERCOT's plea to the jurisdiction. The petition for writ of mandamus also challenges the trial court's order denying ERCOT's amended motion to transfer venue. In its petition, ERCOT asserts that the petition and the interlocutory appeal present largely identical arguments,

---

[1] This proceeding in Cause No. 04-21-00244-CV arises out of Cause No. 2021-CI-04574, styled *CPS Energy v. Electric Reliability Council of Texas, Inc. and William L. Magness*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Solomon Casseb, III presiding.

and it requests that we consolidate the two proceedings for decision for the sake of efficiency. On June 22, 2021, ERCOT filed a motion to consolidate, in which it further states its argument for consolidation. ERCOT notes in its motion that CPS Energy, the appellee in Cause Number 04-21-00242-CV and the real party in interest in Cause Number 04-21-244-CV, is opposed to the motion. **We ORDER CPS Energy to respond to the motion to consolidate on or before June 28, 2021.** *See* TEX. R. APP. P. 10.3(a)(3).

On June 21, 2021, CPS Energy filed an "Emergency Motion for a Temporary Order to Extend Temporary Restraining Order and For Expedited Consideration" in Cause Number 21-242-CV. The motion references a "Second Agreed Extended Temporary Restraining Order," entered by the trial court, which states that the prohibitions stated in that TRO expire on June 25, 2021. CPS Energy argues in its emergency motion that the expiration of the TRO is automatically stayed during the pendency of the interlocutory appeal, but "out of an abundance of caution," CPS Energy seeks an order under Rule 29.3 of the Texas Rules of Appellate Procedure to extend the trial court's TRO. *See* TEX. R. APP. P. 29.3; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (providing for automatic stays of all trial court proceedings for certain interlocutory appeals). On June 22, 2021, ERCOT filed a letter with this court, in which it expressly agreed that it would refrain from taking any of the actions prohibited by the TRO before July 15, 2021, unless this court denies CPS Energy's motion before that date. On June 23, 2021, ERCOT filed a response in opposition to the motion, in which ERCOT references H.B. 4492 and S.B. 1580, signed into law on June 16, 2021, and June 18, 2021, respectively. ERCOT argues, among other things, that the new laws, "address the subject matter of CPS's suit" and "probably moot much or all of CPS's lawsuit." In its response, ERCOT suggests the briefing schedule, which we now order. **We ORDER CPS Energy to file a reply brief, on or before June 30, 2021, specifically addressing, among other things, CPS Energy's right to relief under H.B. 4492 and S.B. 1580. We ORDER ERCOT to file a sur-reply brief, on or before July 7, 2021, addressing CPS Energy's right to relief under H.B. 4492 and S.B. 1580.**

All other deadlines in the appeals are unaffected by this order. These other deadlines include the deadline of **June 25, 2021**, to file the clerk's record in Cause Number 04-21-242-CV, *see* TEX. R. APP. P. 35.1(b), and ERCOT's deadline of **July 6, 2021**, to file a response to CPS Energy's motion to dismiss both appeals, which CPS Energy filed on June 23, 2021. *See* TEX. R. APP. P. 4.1(a), 10.3(a).

It is so **ORDERED** on June 24, 2021.

PER CURIAM

ATTESTED TO: _____
MICHAEL A. CRUZ,
Clerk of Court